**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 04 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| KRISHNA KUMAR GURUNG, | No. 09-70955 |
| Petitioner, | Agency No. A098-510-886 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2012**
Seattle, Washington

Before: SCHROEDER and GOULD, Circuit Judges, and RAKOFF, Senior District Judge.***

Krishna Kumar Gurung, a native and citizen of Nepal, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for Southern New York, sitting by designation.

immigration judge's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review questions of law *de novo* and findings of fact for substantial evidence. *Haile v. Holder*, 658 F.3d 1122, 1125 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The record does not compel reversal of the agency's denial of Gurung's asylum claim because he did not establish past persecution or a well-founded fear of future persecution on account of his political beliefs; rather he was mistreated because the Maoists believed he had money that could be extracted. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) (economic motivations do not constitute persecution on account of political opinion). Even if he proved past persecution and was entitled to a presumption of well-founded fear, there was substantial evidence to support the agency's finding that the presumption had been rebutted by proof of changed circumstances in Nepal. *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir. 2003).

Because Gurung did not establish his eligibility for asylum, he necessarily fails to satisfy the higher standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We also conclude that substantial evidence supports the agency's denial of relief under the Convention Against Torture because Gurung did not show that it is

more likely than not that he would be tortured if returned to Nepal.  *See Santos-Lemus*, 542 F.3d at 747–48.

Finally, we lack jurisdiction to consider Gurung's request for humanitarian asylum because he did not raise this claim to the agency.  *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**DENIED IN PART** and **DISMISSED IN PART**.